STATE OF INDIANA            )             IN THE PORTER SUPERIOR COURT
                            )SS;
COUNTY OF PORTER            )             SITTING AT VALPARAISO, INDIANA

DAWN SHEPHERD and                   )
BRIAN GARVER, Individually and as   )
Natural parents and guardians of minor, )
E█ G█████,                          )
                                    )
       Plaintiffs                   )
                                    )
vs.                                 )       Case No. 64D01-1204-CT-4240
                                    )
COLIN COLVIN, Individually and as   )
Natural parent and guardian of minor, AC )
and                                 )
Lake County, Indiana NECA IBEW      )
Health and Benefit Plan             )
                                    )
       Defendants                   )

**FILED IN OPEN COURT**
**MAR 0 5 2015**
*[signature]*
JUDGE PORTER SUPERIOR COURT

## PETITION FOR JOINDER OF PARTIES
## AND
## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff, by counsel, pursuant to Indiana Trial Rules 19(E)(3)(c), 20(A)(2), and 57, along with I.C. 34-14-1-1, respectfully requests joinder of the following parties to this case:

A. E█ G█████, as Plaintiff;

B. Lake County, Indiana NECA IBEW Health and Benefit Plan (hereinafter, "The Plan") as Defendant.

The purpose of this joinder is to determine the rights, status and legal relation of the parties regarding whether monies are owed to The Plan by E█ G█ for a possible subrogation lien. In support of this petition and complaint, Plaintiff states as follows:

**EXHIBIT A**

1. On October 23, 2011 E▇ G▇, then a minor child, suffered serious and permanent personal injuries in an automobile crash caused by Defendant Collin Colvin's minor child, AC.

2. Following the crash, incurred medical expenses related to E▇ G▇ injuries were in excess of $500,000.

3. Since the filing of this case, E▇ G▇ has obtained the age of majority and has agreed to compromise his claim against Colvin for $250,000.00, which was Colvin's insurance liability limit.

4. The Plan may claim that it paid a portion of the bills related to the treatment of E▇ G▇

5. The Plan may claim E▇ G▇ is bound by the contractual terms of its benefits package that is provided to employees of the IBEW Local 697 and that he must reimburse The Plan in accordance with its benefits contract.

6. E▇ G▇ disputes that he is bound by The Plan's contract.

7. E▇ G▇ disputes that he is required to reimburse The Plan.

8. However, if E▇ G▇ does owe a duty to reimburse The Plan, it would be in accordance with Indiana code and common law regarding subrogation.

9. Under I.C. 34-51-2-19 a lienholder is required to reduce its subrogation lien in the same proportion as the Plaintiff's recovery is diminished, and to bear a pro-rata share of the Plaintiff's attorney's fees and litigation expenses. See: *Department of Public Welfare v. Couch*, 605 N.E.2d 165 (Ind. 1992). I.C. 34-51-2-19 applies to both verdicts and settlements. See *Department of Public Welfare v. Couch*, (Ind. 1992), 605 N.E.2d 156; *Spangler, Jennings & Dougherty, P.C. v. Indiana Ins. Co.*, 729 N.E.2d 117,120 (Ind. 2000); *Weidenaar v. Indiana Ins. Co.*, 874 F.Supp. 235 (N.D.Ind. 1995).

10. Joinder of each of the parties is just and appropriate under Indiana Trial Rules 19(E)(3)(c) and 20(A)(2) and 57 as well as I.C. 34-14-1-1 since the issues surrounding the liens and expenses arise out of the same occurrence which is the subject of this action, and because the determination of the liens under I.C. 34-51-2-19 involves questions of Indiana law affecting the parties to this litigation.

WHEREFORE, the Plaintiff respectfully requests that E▇ G▇ and The Plan be joined in this action pursuant to Ind. Trial Rules 19(E)(3)(c) and 20(A)(2) and 57, and the Declaratory Judgment Statute, Ind. Code 34-14-1-1 *et seq.* and further requests that the Court determine any issues in controversy between the parties regarding their rights, status and legal relations and grant them appropriate and necessary relief.

Respectfully submitted,

*/s/ Mark A. Thiros*

Mark A. Thiros
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following parties by forwarding a copy of same by First Class U. S. Mail this 3rd day of March, 2015.

*/s/ Mark A. Thiros*
Mark A. Thiros

Gregory Bokota
Garan Lucow Miller, P.C.
8401 Virginia Street
Merrillville, IN 46410

STATE OF INDIANA   )          IN THE PORTER SUPERIOR COURT
COUNTY OF PORTER  )          SITTING AT VALPARAISO, INDIANA

B▇ G▇▇▇ )
     Plaintiff )
)
vs. )   Case No. 64D01-1204-CT-4240
)
Lake County Indiana NECA - IBEW )
Health and Benefit Plan )
     Defendant )

# SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:

               **Lake County Indiana NECA - IBEW**
               **Health and Benefit Plan**
               7200 Mississippi street, Ste. 300
               Merrillville, Indiana 46410

    You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

    The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

    You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

    In the event the SUMMONS and COMPLAINT were left for you and you then received by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

    However, if you or your agent first received the SUMMONS and COMPLAINT by Certified Mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

    If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, Judgment will be entered against you for what the Plaintiff has demanded.

    If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

    The following manner of service is hereby designated:  **CERTIFIED MAIL**

ATTORNEY FOR PLAINTIFF:           DATE:  March 24, 2015
MARK A. THIROS
Ind. Attorney No: 11685-49
200 E. 90th Drive
Merrillville, IN 46410                          BY *(signature)*
Telephone No. (219) 769-1600                Cynthia L. Kranz