UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAWN SHEPHERD and | ) | |
| BRIAN GARVER, Individually and as | ) | |
| Natural Parents and Guardians of Minor, | ) | |
| EG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:15 CV 167 |
| | ) | |
| LAKE COUNTY, INDIANA NECA | ) | |
| IBEW HEALTH and BENEFIT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |
| ************************************ | ) | |
| LAKE COUNTY, INDIANA NECA | ) | |
| IBEW HEALTH and BENEFIT PLAN, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAWN SHEPHERD and | ) | |
| BRIAN GARVER, Individually and as | ) | |
| Natural Parents and Guardians of Minor, | ) | |
| EG, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW Defendant, Lake County, Indiana NECA IBEW Health and Benefit Plan, by counsel, Harold G. Hagberg, and in answer to Plaintiffs' Complaint, states as follows:

1. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of their Complaint, and for all further just and proper relief in the premises.

Respectfully submitted,
HAGBERG & ASSOCIATES, P.C.
Attorney for Defendant

/s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45
11045 Broadway, Suite D
Crown Point, IN 46307
219-864-9055
FAX: 219-864-9062

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

COMES NOW Defendant, by counsel, Harold G. Hagberg, and for Answer to Plaintiffs' Complaint, states as follows:

1. That Federal Law preempts any state law claims and/or right that the Plaintiff may claim under Indiana State Law.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by way of their Complaint, and for all further just and proper relief in the premises.

/s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45

## Second Affirmative Defense

COMES NOW Defendant, and for Answer to Plaintiffs' Complaint, states as follows:

1. The Plaintiffs have failed to exhaust administrative remedies under the Lake County, Indiana NECA IBEW Health and Benefit Plan.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by way of their Complaint, and for all further just and proper relief in the premises.

/s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45

### Third Affirmative Defense

COMES NOW Defendant, and for Answer to Plaintiffs' Complaint, states as follows:

1. That the Plaintiffs are estopped from enforcing any equitable right they may assert as it applies to the Lake County, Indiana NECA IBEW Health and Benefit Plan; that they are not bound by the terms of said Plan given the fact that they have accepted benefits under said Plan.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by way of their Complaint, and for all further just and proper relief in the premises.

/s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45

### Fourth Affirmative Defense

COMES NOW Defendant, and for Answer to Plaintiffs' Complaint, states as follows:

1. That any allegations not specifically admitted, denied or controverted contained in Plaintiff's Complaint are now specifically denied.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by way of their Complaint, and for all further just and proper relief in the premises.

/s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45

### Fifth Affirmative Defense

COMES NOW Defendant, and for Answer to Plaintiffs' Complaint, states as follows:

1. That Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by way of their Complaint, and for all further just and proper relief in the premises.

/s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45

## COUNTERCLAIM

Lake County, Indiana NECA IBEW Health and Benefit Plan (the "Benefit Plan"), by and through its undersigned counsel, files this Counterclaim against Dawn Shepherd, Brian Garver, Individually and as Natural Parents and Guardians of minor EG, and EG, ("Garver") and alleges on personal knowledge as to its information and belief as to all other matters as follows:

1. That Benefit Plan is a full time employer health and benefit plan.

2. A true and accurate copy of the pertinent portion of said Benefit Plan is attached hereto and made a part hereof, as Exhibit 1.

3. That the Counter-Defendant, Garver, was involved in an accident on October 23, 2011, and as a result of said accident, the Benefit Plan paid benefits to Garver in the amount of $391,000.00.

4. That under the Benefit Plan, there exists a subrogation interest in the event a participant or defendant recovers from a third party.

5. That Garver recovered sums against a third party, to wit: Colin Colvin.

6. That the recovery of Garver against Colin Colvin was in the amount of or exceeded $250,000.00.

7. That the Plan Document of the Benefit Plan specifically rejects the *make-whole doctrine* and the *common fund doctrine*.

8. That under the Benefit Plan, Garver is responsible to fully reimburse the Benefit Plan for all medical expenses and bills paid by the Benefit Plan on behalf of Garver, to the extent of his recovery, or to the extent of the Benefit Plan payouts, whichever is lesser.

WHEREFORE, the Counter-Plaintiff, Lake County, Indiana NECA IBEW Health and Benefit Plan prays for judgment against the Counter-Defendants, Dawn Shepherd, Brian Garver, Individually and as Natural Parents and Guardians of minor EG, and EG, in the amount of $391,000.00, plus reasonable attorneys fees, costs and all other just and proper relief in the premises.

> Respectfully submitted,
> HAGBERG & ASSOCIATES
> Attorneys for Defendant / Counter-Plaintiff
>
> /s/ Harold G. Hagberg
> Harold G. Hagberg, #7361-45
> 11045 Broadway, Suite D
> Crown Point, IN 46307
> 219-864-9055
> FAX: 219-864-9062

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2015, I electronically filed the foregoing with the Clerk of the United States District Court, using the CM/ECF System, which electronically sent notification of such filing to the following CM/ECF participants:

Mark A. Thiros

/s/ Harold G. Hagberg