UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAWN SHEPHERD and )
BRIAN GARVER, Individually and as )
Natural Parents and Guardians of Minor, )
EG, )
    Plaintiffs, )
)
v. ) Case No. 2:15 CV 167
)
LAKE COUNTY, INDIANA NECA )
IBEW HEALTH and BENEFIT PLAN, )
    Defendant. )
********************************** )
LAKE COUNTY, INDIANA NECA )
IBEW HEALTH and BENEFIT PLAN, )
    Counter-Plaintiff, )
)
v. )
)
DAWN SHEPHERD and )
BRIAN GARVER, Individually and as )
Natural Parents and Guardians of Minor, )
EG, )
    Counter-Defendants. )

## JOINT STATUS REPORT

1.    Parties. The parties conferred via electronic mail and agreed to this report on January 26, 2016. Mark Thiros participated for the Plaintiff(s), and Harold Hagberg participated for the Defendant.

2.    Background. Plaintiff, E.G., was involved in an automobile accident on October 23, 2011. He alleges that the accident was the result of the negligence of minor, A.C. Plaintiffs allege that the claim against A.C. was settled for $250,000.

Defendant in this cause, Lake County Indiana NECA IBEW Health and Benefit Plan (hereinafter "the Plan"), is a multi-employer health and benefit fund established under the precept of ERISA. The Plan contains language rejecting the *common fund doctrine* and the *make*

1

*whole doctrine.*

This matter was originally filed in the Porter Superior Court, under Cause No. 64D01-1204-CT-4240. The Defendant removed this matter to Federal Court as the issue involves a matter of federal jurisdiction.

Kelly Garver, who is the step-mother to E.G., is a member of the Plan. As a result of the accident described herein, the Plan paid medical bills on behalf of E.G. in the amount of approximately $391,000. The Plan is claiming a lien under ERISA for that amount.

Plaintiffs do not dispute that they received benefits from the Plan. However Plaintiffs dispute that the Plan paid $391,000 in benefits and the actual amount needs to be determined. Plaintiffs further contend that they are not bound by the contractual language of the Plan because E.G. was never an "eligible dependent" under the Plan's definition of same. Plaintiffs claim that reimbursement to the Plan should be governed by rules of equity and that Defendant must reduce its subrogation lien in proportion to the Plaintiffs' total recovery. Plaintiffs also claim that the Defendant must pay a reasonable attorney's fee from the amount of the lien as well as pro-rata expenses.

The Defendant contends that Plaintiffs are estopped from claiming that E.G. was not an "eligible dependent" after receiving Plan benefits. Defendant has filed a Counter-Claim demanding recovery of its subrogation interest in full.

3. Current Status. At this time, the parties are in the discovery process. Plaintiffs submitted Requests for Production to Defendant on December 21, 2015. Defendant is in the process of finalizing its responses to said requests. Mediation and Discovery Deadline is set for March 4, 2016, which the parties request to be extended to June 30, 2016. No other deadlines have been set at this time.

Date: 1-26-2016

_____  
Counsel for Plaintiff(s)  
Mark A. Thiros  
200 E. 90th Drive  
Merrillville, IN 46410

_____  
Counsel for Defendant  
Harold G. Hagberg  
11045 Broadway, Suite D  
Crown Point, IN 46307